David S. Ratner (SBN 316267)
david@davidratnerlawfirm.com
DAVID RATNER LAW FIRM, LLP
33 Julianne Court
Walnut Creek, CA 94595

Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Attorneys for Plaintiff and all others similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**PAYAM TEHRANI,** individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

**DH VITALE MANAGER, LLC,** a Delaware limited liability company, and **PEBBLEBROOK HOTEL TRUST,** a Maryland corporation,

*Defendants.*

Case No. 3:19-cv-08168-JSC

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Payam Tehrani ("Tehrani" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant DH Vitale Manager, LLC ("DH Vitale Manager") and Pebblebrook Hotel Trust ("Pebblebrook") (collectively "Defendants") to stop Defendants from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of the Defendants. Plaintiff, for his Complaint, alleges as

follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION TO THE TCPA**

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

**PARTIES**

6. Plaintiff Tehrani is a Sherman Oaks, California resident.

7. Defendant DH Vitale Manager is a Delaware company that operates Hotel Vitale, a hotel located in San Francisco, California. DH Vitale Manager does business throughout this District, California and the United States.

8. Defendant Pebblebrook is an entity that owns Hotel Vitale located in this District. On information and belief, Pebblebrook has contracted with DH Vitale Manager to manage Hotel Vitale.

**JURISDICTION AND VENUE**

9. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

10. This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants are headquartered in this District where the Hotel they own and operate is located, and because the wrongful conduct giving rise to this case was directed from this District.

**DH VITALE MANAGER SENDS UNSOLICITED, AUTODIALED TEXT MESSAGES REGARDING HOTEL VITALE ON PEBBLEBROOK'S BEHALF**

11. Part of the services DH Vitale Manager provides to Pebblebrook in connection with its operation of Hotel Vitale is the sending of text messages *en masse* to consumers.

12. Such text messages are sent using an autodialer without the necessary consent.

13. Plaintiff received 3 autodialed text messages to his cellular phone from Hotel Vitale. One text message in-particular made reference to a promotion by Hotel Vitale.

14. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendants to cease from sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

15. On September 7, 2019 at 4:53 AM, Plaintiff Tehrani received an autodialed text message on his cell phone from DH Vitale Manager using phone number 415-697-3367:

Sat, Sep 7, 4:53 AM

Please disregard the previous 2 text messages. These were sent in error and we truly apologize for the inconvenience.

16. On September 8, 2019 at 2:23 AM, Plaintiff received a second autodialed text message on his cell phone from DH Vitale Manager, again using phone number 415-697-3367. This text message is identical to the text message Tehrani received on September 7, 2019:

Sun, Sep 8, 2:23 AM

Please disregard the previous 2 text messages. These were sent in error and we truly apologize for the inconvenience.

17. Later on September 8, 2019, at 3:24 AM, Plaintiff received a third autodialed text message this time containing a solicitation signed by Hotel Vitale, from DH Vitale Manager, again using phone number 415-697-3367:

Sun, Sep 8, 3:24 AM

We apologize for the inconvenience this may have caused you, this is not spam. This promotion applies to in-house guest only.
Thank you, Hotel Vitale

18. Plaintiff believes that all three of the text message were sent from an autodialer due to the fact that the text messages were addressed impersonally. In addition, the first two text messages reference that they were sent in error likely due to an autodialer glitch.

19. Plaintiff also believes the 3 text messages were sent from an autodialer because when 415-697-3367 is called, an automated message states that this is a text message-only number.

20. Based on an investigation conducted by Plaintiff's attorneys, when "help," "STOP," and "START" are sent to 415-697-3367, an automatic response is produced thereby confirming the use of an autodial system associated with the phone number.

help

7:56 AM

Reply STOP to unsubscribe. Msg&Data Rates May Apply.

(415) 697-3367 • 7:56 AM

STOP

7:56 AM

You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe.

(415) 697-3367 • 7:56 AM

START

7:56 AM

You have successfully been re-subscribed to messages from this number. Reply HELP for help. Reply STOP to unsubscribe. Msg&Data Rates May Apply.

(415) 697-3367 • 7:56 AM

21. Although Plaintiff once stayed at Hotel Vitale years ago, and may have provided his telephone number in connection with that stay, Plaintiff has never provided Defendants with consent to send him autodialed text messages unrelated to that stay at Hotel Vitale years ago and/or marketing Hotel Vitale.

22. The unauthorized text messaged that were sent by DH Vitale Manager on behalf of Pebblebrook as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Tehrani's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

23. There are a number of complaints online from consumers that received the same or similar autodialed text messages that Plaintiff received:

- "I am keep getting txt message from this number… 'Please disregard the previous 2 text messages. These were sent in error and we truly apologize for the inconvenience.'"[1]
- "Getting texts from that number claiming to be hotel vitale."[2]
- "They keep sending me spam texts all morning and I haven't stayed there in 2 years. PLEASE STOP!!!!"[3]

24. Seeking redress for these injuries, Tehrani, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

25. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform used to text message Plaintiff, (4) for whom the Defendants claim (a) they obtained prior express consent in the a substantially similar manner as Defendants claim they supposedly obtained prior express consent to text message Plaintiff, or (b) they did not obtain prior express consent.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their

[1] https://whocallsme.com/Phone-Number.aspx/4156973367
[2] *Id.*
[3] https://www.yelp.com/biz/hotel-vitale-san-francisco-4?sort_by=date_desc

subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendants used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

(b) whether Defendants sent autodialed text messages to Plaintiff and the members of the Autodialed No Consent Class without prior express consent;

(c) whether the conduct of the Defendants constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

32. Defendant DH Vitale Manager sent unwanted text messages on behalf of Pebblebrook to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

33. These text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such text messages.

34. Defendants' conduct was negligent, wilful, or knowing.

35. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tehrani, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring Defendants to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Tehrani requests a jury trial.

Respectfully Submitted,

**PAYAM TEHRANI**, individually and on behalf of those similarly situated individuals

Dated: March 2, 2020

By: /s/ *Rachel E. Kaufman*

Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

David S. Ratner, Esq.
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595

*Attorneys for Plaintiff and the putative Class*