UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAM TEHRANI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOIE DE VIVRE HOSPITALITY, LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-08168-EMC<br><br>**ORDER DENYING DEFENDANT SF TREAT LP'S MOTION TO DISMISS**<br><br>Docket No. 62 |

　　　　Defendant SF Treat LP ("SF Treat") has moved to dismiss Plaintiff Payam Tehrani's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant alleges that Mr. Tehrani has not sufficiently established vicarious liability based on an agency relationship for Telephone Consumer Protection Act ("TCPA") liability. As indicated below, the motion is **DENIED**.

## I.　　DISCUSSION

A.　　Management Agreement

　　　　A defendant is vicariously liable for violations of the TCPA where common law principles of agency would impose such liability. *See Jones v. Royal Admin. Servs.*, 887 F.3d 443, 450 (9th Cir. 2018). Plaintiffs alleging vicarious TCPA liability under an agency theory must establish that the alleged wrongdoer had actual authority to place the unlawful calls. *Id.* That authority may be express or implied. Express actual authority "derives from an act specifically mentioned to be done [by the principal] in a written or oral communication." *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017) (internal quotation marks omitted). Implied actual authority comes from "a general statement [from the principal] of what the agent is supposed to do; an agent is said

1  to have the implied authority to do acts consistent with that direction." *Id.* at 940 (internal
2  quotation marks omitted).
3        Pursuant to the Management Agreement between DH Vitale and SF Treat, DH Vitale acted
4  as SF Treat's "agent for the operation of the Hotel." (Docket No. 36, Exhibit A, at 4).  The
5  Agreement provides, in Section 3.15, that "[DH Vitale] shall not provide any Marketing Services
6  for the Hotel except to the extent approved in writing by [SF Treat]." (Docket No. 36, Exhibit A,
7  at 13).  The Agreement defines "Marketing Services" as "the marketing and sales services to be
8  furnished to the Hotel approved by [SF Treat] as part of the Annual Budget review process and
9  without profit to [DH Vitale] or its Affiliates." (Docket No. 36, Exhibit A, at 3).  It provides that
10 such services "shall include professional marketing, promotional activities, public relations
11 services, advertising, representation at trade shows, arrangement of listings in relevant directories
12 and other marketing, business promotions, sales promotions, publicity and public relations
13 services." (Docket No. 36, Exhibit A, at 5).  The annual budget review process includes "a
14 narrative description of [DH Vitale's] plans and goals, including a marketing plan, for operating
15 the Hotel for the ensuing Fiscal Year." (Docket No. 36, Exhibit A, at 5).

16 B.    Actual Authority

17       Defendant SF Treat argues that the Management Agreement "does not provide for the
18 review or approval of specific communications between customers of the Hotel and DH Vitale
19 personnel." Mot. at 10.  It notes that the Agreement merely requires that DH Vitale submit a
20 "narrative description" of its marketing services as part of an annual budget review process, and
21 this means that DH Vitale is not required to seek SF Treat's approval "for issuing a specific call or
22 text message." Mot. at 17.
23       However, Plaintiff need not allege that SF Treat individually approved every text message
24 communication by DH Vitale to plausibly plead vicariously liability under an agency theory.  The
25 essential ingredient to agency is the extent of control exercised by the employer. *United States v.*
26 *Bonds*, 608 F.3d 495, 505 (9th Cir. 2010).  SF Treat exercised control over DH Vitale's marketing
27 services by providing its written approval at the annual budget review process.  In reviewing a
28 motion to dismiss, the Court must accept as true the allegations of the complaint and draw all

reasonable inferences in plaintiff's favor.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Accepting Mr. Tehrani's allegation that DH Vitale's marketing services "includ[ed] text messages intended for in-house guests" and that SF Treat maintained control over the text messaging program, and drawing all reasonable inferences therefrom in Mr. Tehrani's favor, the Court concludes that Mr. Tehrani has plausibly stated a claim of vicarious liability.  *See Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014) (affirming the district court's analysis that control over the "manner and means" of a telemarketer's actions could give rise to vicarious liability under the TCPA).

The allegations, together with the Management Agreement, are sufficiently specific and plausible to establish liability under *Twombly* and *Iqbal*.

## II. CONCLUSION

For the foregoing reasons, the Court denies SF Treat's motion to dismiss.

This order disposes of Docket No. 62.

**IT IS SO ORDERED**.

Dated: September 9, 2020

_____
EDWARD M. CHEN
United States District Judge