# Exhibit 2

No *Shepard's* Signal™
As of: August 25, 2021 7:29 PM Z

# *Libby v. Nat'l Republican Senatorial Comm.*

United States District Court for the Western District of Texas, San Antonio Division

July 27, 2021, Decided; July 27, 2021, Filed

No. 5:21-CV-197-DAE

**Reporter**
2021 U.S. Dist. LEXIS 140103 *

JOSEPH LIBBY, Plaintiff, vs. NATIONAL REPUBLICAN SENATORIAL COMMITTEE, Defendant.

## Core Terms

motion to dismiss, telephone, alleges, text message, dialing, privacy, phone number, sequential, generator, invasion

**Counsel:** [*1] For JOSEPH LIBBY, Plaintiff: Amy Lynn Bennecoff Ginsburg, Kimmel & Silverman, PC, Ambler, PA USA.

For National Republican Senatorial Committee, Defendant: Dallin B. Holt, LEAD ATTORNEY, Holtzman Vogel Baran Torchinsky & Josefiak PLLC, Haymarket, VA USA; Jason Torchinsky, Jonathan P. Lienhard, LEAD ATTORNEYS, Holtzman Vogel Josefiak Torchinsky, PLLC, Haymarket, VA USA.

**Judges:** David Alan Ezra, Senior United States District Judge.

**Opinion by:** David Alan Ezra

## Opinion

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

The matter before the Court is Defendant National Republican Senatorial Committee's ("Defendant" or "NRSC") Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. # 12.) After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **GRANTS IN PART** and **DENIES IN PART** the motion.

BACKGROUND

On March 2, 2021, Plaintiff Joseph Libby ("Plaintiff" or "Libby") filed suit in this Court against NRSC alleging claims under the *Telephone Consumer Protection Act ("TCPA")* for sending unsolicited text messages to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") in violation of *47 U.S.C. § 227(b)*, and for contacting Plaintiff despite his registration with the National [*2] Do Not Call Registry in violation of *47 U.S.C. § 227(c)*. (Dkt. # 11.) Plaintiff's claims arise from Defendant's campaign fundraising strategy, which includes the transmission of text messages to prospective donors. (Id.) According to Plaintiff, he did not consent to receiving text messages from Defendant and has been on the National Do Not Call Registry since 2014. (Id. at 5.)

On April 30, 2021, Defendant filed the instant motion to dismiss pursuant to *Rules 12(b)(1)* and *12(b)(6) of the Federal Rules of Civil Procedure*. (Dkt. # 12.) On May 14, 2021, Plaintiff filed a response in opposition. (Dkt. # 15.) On May 21, 2021, Defendant filed a reply in support. (Dkt. # 16.) On May 28, 2021, Defendant filed a notice of additional authority for its motion to dismiss concerning the Fifth Circuit's reversal of a district case upon which Defendant originally relied for its jurisdictional argument. (Dkt. # 17.)

APPLICABLE LAW

Defendant has moved to dismiss Plaintiff's claims pursuant to both *Rules 12(b)(1)* and *12(b)(6) of the Federal Rules of Civil Procedure*. (Dkt. # 12.)

A. *Rule 12(b)(1)*

A motion to dismiss under *Rule 12(b)(1) of the Federal Rules of Civil Procedure* challenges a federal court's subject matter jurisdiction. See *Fed. R. Civ. P. 12(b)(1)*. Under *Rule 12(b)(1)*, a claim is properly dismissed for lack of subject matter jurisdiction when a court lacks

statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)*. When a Rule 12(b)(1) motion **[*3]** is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)*. The Court must first address jurisdiction because without it, the case can proceed no further. *Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)*; *Ramming, 281 F.3d at 161*.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001)* (citation omitted).

B. Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." When analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013)* (quoting *In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)*). The court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)*).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead **[*4]** "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. However, a court reviewing a complaint is not "bound to accept as true a legal conclusion couched as a factual allegation." Id.

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims on the basis that Plaintiff has failed to show that federal jurisdiction exists in this case. (Dkt. # 12 at 2.) Alternatively, Defendant contends that Plaintiff has failed to state a legally cognizable claim upon which relief can be granted. (Id. at 7.)

I. Rule 12(b)(1)

As both parties have acknowledged, standing under Article III requires an injury that is both traceable to Defendant's unlawful conduct, and redressable by a favorable decision. *Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)*. "[A]n invasion of a legally protected interest" constitutes an injury in fact. *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. An injury in fact must be concrete, particularized, and actual or imminent. Id. However, an injury need not be tangible to be concrete. *Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016)*. As the lawmaking branch of government, Congress is in the best position "to identify intangible harms that meet **[*5]** minimum Article III requirements." *Cranor v. 5 Star Nutrition, LLC, 998 F.3d 686, 690 (5th Cir. 2021)* (quoting *Spokeo, 136 S. Ct. at 1549*).

In enacting the TCPA, Congress sought to prevent, among other things, the invasion of the legally protected interest of privacy. Id. (citing multiple cases concluding that the conduct regulated under the TCPA produces the harm Congress sought to prevent—nuisance and invasion of privacy); see also *Lujan, 504 U.S. at 560*. As such, to establish Article III standing, Plaintiff must only allege that Defendant invaded his privacy in such a way that violates the TCPA.

Upon review, the Court finds that Plaintiff has plausibly alleged an injury. Plaintiff alleges in his complaint that he found the NRSC's unsolicited communications to be "annoying, disruptive, frustrating and an invasion of his privacy." (Dkt. # 11 at 3.) This particular harm—invasion of one's privacy—is the type of harm that Congress sought to prevent under the TCPA. See *LaVigne v. First Cmty. Bancshares, Inc., 215 F. Supp. 3d 1138, 1144 (D.N.M. 2016)* ("[A]n invasion of [residential] privacy can be considered a 'concrete' harm—a harm that actually exists—and is sufficient to confer standing on an

individual who is suing to protect that interest.") (citing *Maryland v. Universal Elections, Inc., 729 F.3d 370, 376-77 (4th Cir. 2013)*); see also *Cranor, 998 F.3d at 690* (finding three robotexts amounted to "a cognizable injury in fact: nuisance arising out of an unsolicited text advertisement"); *Zelma v. Penn LLC, No. 19-8725, 2020 U.S. Dist. LEXIS 9615, 2020 WL 278763, at *6 (D.N.J. Jan. 17, 2020)* ("Plaintiff's **[*6]** allegations of receiving six unsolicited text messages from an A[T]DS 'is the very injury [the TCPA] is intended to prevent.'" (quoting *Susinno v. Work Out World Inc., 862 F.3d 346, 351 (3d Cir. 2017)*)).

Plaintiff also plausibly alleges that he suffered an injury that is fairly traceable to Defendant's conduct and that a favorable judicial decision would redress his alleged injury. (See id. at 4-6.) Plaintiff has therefore satisfied Article III's injury in fact requirement. The Court thus finds that Plaintiff has standing to litigate his TCPA claims in this Court and will deny Defendant's motion to dismiss for lack of subject matter jurisdiction.

II. *Rule 12(b)(6)*

Defendant moves to dismiss Plaintiff's TCPA claims on the basis that the complaint lacks plausible facts indicating that NRSC sent communications using an ATDS. (Dkt. # 12 at 7.)

A. *47 U.S.C. § 227(b)*

*Section 227(b)(1)(A) of the TCPA* prohibits calling "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system" absent "prior express consent of the called party." The TCPA provides a private right of action for aggrieved individuals. *47 U.S.C. § 227(b)(3)*. "A plaintiff may recover their 'actual monetary loss' or $500 for each violation, 'whichever is greater,' and the statute authorizes treble damages 'if the defendant **[*7]** willfully or knowingly violated' the Act." *Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016)*.

A TCPA claim requires that the defendant have used "an automatic telephone dialing system ('ATDS')." *47 U.S.C. § 227(b)(1)(A)*. An ATDS may be any equipment that can "store or produce telephone numbers to be called, using a random or sequential number generator" and can dial such numbers. *47 U.S.C. § 227(a)(1)*. The Supreme Court has clarified that a TCPA claim does not exist whenever someone receives an unwanted call from an automated system; liability is triggered only if the automated system "us[es] a random or sequential number generator" to store or produce the phone numbers that are called. *Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1171, 209 L. Ed. 2d 272 (2021)*.[1]

Here, Plaintiff's amended complaint states that the NRSC "sent text messages to Plaintiff's cell phone for the purpose of soliciting campaign donations," and further identifies the date and time three such messages were sent. (Dkt. # 11 at 3.) Plaintiff further alleges that the messages were "generic and obviously prewritten," and that the "texts include links containing pre-recorded video." (Id.) Additionally, the amended complaint states that the NRSC's website describes using "recurring autodialed marketing messages" in its "opt-in messaging program" and states that, "[u]pon information **[*8]** and belief, Defendant uses dialing technology, which calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers." (Id. at 3, 4.)

At this stage of the proceedings, the Court finds these allegations sufficient to state a plausible claim under the TCPA, *47 U.S.C. § 227 et seq.*, as recently construed by the Supreme Court in *Facebook, Inc. v. Duguid, 141 S. Ct. at 1163*. In that case, the TCPA claim was dismissed after "Duguid failed to allege that Facebook used an autodialer because he did not claim Facebook sent text messages to numbers that were randomly or sequentially generated. Rather, Facebook argued, Duguid alleged that Facebook sent targeted, individualized texts to numbers linked to specific accounts." *Duguid, 141 S.Ct. at 1168*. Under the facts alleged herein, Plaintiff claims that Defendant called and texted him using an automatic telephone dialing system that "calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers." (Dkt. # 11 at 3.) He does not allege that Defendant placed targeted, individualized calls or texts to him. The Court thus finds these factual allegations sufficient to survive dismissal under *Rule 12(b)(6)*.

Additionally, as a practical matter, no plaintiff **[*9]** will have personal knowledge of the defendant's telephone system at the pleadings stage—only the defendant will

---

[1] The parties do not appear to dispute that this prohibition applies not only to phone calls, but also to unsolicited text messages. In Duguid, the Supreme Court "assume[d] that it does without considering or resolving that issue." *141 S. Ct. at 1168 n.2*.

have that knowledge. However, at this stage, Plaintiff has pled sufficient facts to proceed with discovery, at which time he will have the opportunity to discover the precise technology that was used at the time of the alleged violations. And, if the technology does not meet the definition set forth in the statute, as construed by the Supreme Court recently in Duguid, Defendant may move for summary judgment on that basis at that time.

B. 47 U.S.C. § 227(c)

Plaintiff also alleges that Defendant violated § 227(c) of the TCPA. (Dkt. # 11 at 5.) To state a claim under this subsection, a plaintiff must allege the receipt of multiple calls within a twelve-month period, made "by or on behalf of the same entity," on a phone registered on the Do Not Call List. See 47 U.S.C. § 227(c). However, political organizations are exempt from the Do Not Call Registry. The Do Not Call Registry, Federal Trade Commission, https://www.ftc.gov/news-events/media-resources/do-not-call-registry (last visited July 20, 2021). Plaintiff therefore cannot maintain such a claim against the NRSC. Accordingly, Plaintiff's § 227(c) claim will be dismissed.

CONCLUSION

Based on **[*10]** the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. # 12). Plaintiff's claim pursuant to 47 U.S.C. § 227(c) is **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the discovery stay entered in this case be **LIFTED** and the dates in the scheduling order are hereby reinstated. (See Dkt. # 14.) To the extent necessary, the parties may move for extensions to that scheduling order.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, July 27, 2021.

/s/ David Alan Ezra

David Alan Ezra

Senior United States District Judge

---

**End of Document**